IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ADVANCED LITHIUM ELECTROCHEMISTRY (CAYMAN) Co. Ltd., and ADVANCED LITHIUM ELECTROCHEMISTRY CO., LTD., <br><br> *Declaratory Judgment Plaintiffs*, <br><br> v. <br><br> HYDRO-QUEBEC; CENTRE NATIONAL DE LA RECHERCHE SCIENTIFIQUE; UNIVERSITE DE MONTREAL; and LIFEPO4+C LICENSING AG, <br><br> *Declaratory Judgment Defendants*. | Case No. 1:24-cv-01421-RDA-WBP |

**UNOPPOSED MOTION FOR EXTENSION OF TIME FOR DEFENDANTS TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT**

Defendants Hydro-Quebec, Centre National de la Recherche Scientifique, Universite de Montreal, and LiFePO4+C Licensing AG, by their undersigned counsel, refiles their Unopposed Motion to Extension of Time for Defendants to answer or otherwise respond to Plaintiffs' Complaint. In support thereof, Defendants state as follows:

1. Defendants filed their original Unopposed Motion to Extension of Time for Defendants to answer or otherwise respond to Plaintiffs' Complaint ("Original Request," ECF No. 15). The Court denied the Original Request without prejudice and permitted Defendants to refile its request to address the good cause requirement of Rule 6(b) (ECF No. 17). Defendants hereby

1

refile their request for a short extension of time, for good cause shown, to respond to the Complaint, up to and including December 18, 2024.

2. Plaintiffs filed their Complaint on August 14, 2024.

3. Prior to Defendants filing their original Unopposed Motion to Extension of Time for Defendants to answer or otherwise respond to Plaintiffs' Complaint ("Original Request," ECF No. 15) on November 18, 2024, Counsel for Defendants and Counsel for Plaintiffs reached an agreement to waive the cost and expense of foreign service on each of the Defendants, which are each foreign entities, in exchange for an extension to answer or otherwise respond to the Complaint up to and including December 18, 2024. Accordingly, Counsel for Plaintiffs provided Counsel for Defendants a Waiver of Service of Summons for each of the Defendants listing August 20, 2024 as the date the request was sent outside the United States, which would set a deadline to answer or otherwise respond to the Complaint of November 18, 2024.

4. Defendants diligently worked to return signed Waivers of Service. As an initial matter, Defendants are spread across different locations and time zones, which resulted in a delay in seeking and retaining counsel in this matter. Nevertheless, Defendants diligently worked to retain counsel and each Defendant confirmed whether they received the correct Waiver of Service and executed a Waiver of Service by November 18, 2024, including the Waiver of Service for Centre National de la Recherche Scientifique signed on the same day (ECF No. 11). On the same day, Defendants promptly returned to Plaintiffs all of the Waivers of Service of Summons and Plaintiffs filed the Waivers. Defendants have begun their process of investigating the Complaint and need additional time, given the complexity of the factual allegations and legal assertions in the Complaint, for their investigation.

5. In light of the Court's denial of the Original Request, filed on November 18, 2024, (ECF No. 17), Defendants hereby refile their request for a short extension of time, for good cause shown, to respond to the Complaint, up to and including December 18, 2024.

6. Counsel for Plaintiffs has indicated that Plaintiffs consent to this extension.

7. Federal Rule of Civil Procedure 6(b) permits the Court to extend the time for an act "for good cause." The extension may be made "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires" (Fed. R. Civ. P. 6(b)(1)(A)) or "on motion made after the time has expired if the party failed to act because of excusable neglect" (Fed. R. Civ. P. 6(b)(1)(B)).

8. Defendants' Original Request was made before the original time for Defendants to answer or otherwise respond to Plaintiffs' Complaint. Further, Defendants' present renewed request for an extension, with a showing of good cause, is made before the expiration of the extension (up to and including December 18, 2024), which the parties agreed to in exchange for waiving service (thus saving the cost and expense of foreign service on each of the Defendants). In addition, any failure to file a request with a showing of good cause on or before the return and filing of the Waivers of Service on November 18, 2024, is excusable. Defendants filed their original request on November 18, the same day by which all Waivers of Service were returned to Plaintiffs and Plaintiffs filed the Waivers of Service (ECF Nos. 10-13). In their Original Request, Defendants explained that they were seeking a "short extension" to December 18, which Plaintiffs did not oppose and that the "requested extension will not delay proceedings" and "no party will be prejudiced by the requested relief sought." (ECF No. 15). Because the present request is filed shortly after the Court's denial of the Original Request to address the good cause requirement in more detail, Defendants have been diligent in correcting its request and the length of the delay is

minimal as is its potential impact on judicial proceedings. *See Tobey v. Keiter, Stephens, Hurst, Gary & Shreaves*, No. 3:13-CV-315, 2014 WL 61325, at *4 (E.D. Va. Jan. 7, 2014) (citing *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996)). The delay in correcting Defendants request will not impact the requested extension date of December 18, 2024 and the case remains in the early stages of litigation without any other pending motions or deadlines scheduled.

9. Except for the Original Request, neither party has previously requested an extension of time for Defendants to answer or otherwise respond to the Complaint. Defendants do not request this extension for the purpose of delay, but rather the request is made for good cause to allow the Defendants time to investigate the Complaint and pursuant to the parties' agreement to save the cost and expense of foreign service in exchange for an extension. Further, no other deadlines will be affected.

10. As noted above, Plaintiffs consent to the requested extension. Neither party will be unduly prejudiced by granting a short extension up to and including December 18, 2024.

11. Pursuant to Local Civil Rule 7(E), a hearing on this motion is waived by the parties.

WHEREFORE, Defendants respectfully request that this Court enter an Order extending the time for Defendants Hydro-Quebec, Centre National de la Recherche Scientifique, Universite de Montreal, and LiFePO4+C Licensing AG, to file an answer or otherwise respond to the Complaint on or before December 18, 2024. A proposed order is attached for the Court's convenience.

Dated: November 19, 2024          /s/ *April E. Weisbruch*
                                                     April E. Weisbruch (Va. Bar No. 79191)
                                                     McDermott Will & Emery LLP
                                                     500 North Capitol Street, NW

Washington, DC 20001-1531
Tele: 202 756 8000
aweisbruch@mwe.com

Kevin Meek (*pro hac vice* anticipated)
Aashish Kapadia (*pro hac vice* anticipated)
Christian Tatum (*pro hac vice* anticipated)
McDermott Will & Emery LLP
300 Colorado Street, Suite 2200
Austin, TX 78701
Tele: 512 726 2600
kmeek@mwe.com
akapadia@mwe.com
ctatum@mwe.com

*Attorneys for Defendants*

# CERTIFICATE OF CONFERENCE

On November 19, 2024, counsel for Defendants met and conferred by email with counsel for Plaintiffs. Plaintiffs stated that they would not oppose this motion.

/s/ *April E. Weisbruch*
April E. Weisbruch

# **CERTIFICATE OF SERVICE**

I hereby certify that on this day, November 19, 2024, I served the foregoing document via the Court's CM/ECF system to all attorneys of record in this action.

/s/ *April E. Weisbruch*
April E. Weisbruch